# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

LINDA ANN ANDRE,

        Plaintiff,

v.                                            Case No. 2:22-cv-695-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.

## OPINION AND ORDER[2]

### I. Status

Linda Ann Andre ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of multiple sclerosis, anxiety, depression, osteoarthritis, no cartilage in her right knee, a right shoulder failed rotator cuff surgery, left shoulder pain, loss of vision in both eyes, a left ankle injury, several foot surgeries causing

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed January 24, 2023; Reference Order (Doc. No. 13), entered January 24, 2023.

deformation, a suppressed disc in her lumbar spine, neuropathy in her feet, and shaking/tremors in her hands. Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed January 24, 2023, at 66, 83, 84, 229, 283. Plaintiff protectively filed an application for SSI on October 23, 2020, alleging a disability onset date of June 10, 2020. Tr. at 200-06.[3] The application was denied initially, Tr. at 65-80, 81, 101-03, 104-10, and upon reconsideration, Tr. at 82, 83-91, 113-16, 118-21.[4]

On December 7, 2021, an Administrative Law Judge ("ALJ") held a videoconference hearing,[5] during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. Tr. at 27-52. At the time, Plaintiff was sixty-two (62) years old. Tr. at 29 (stating Plaintiff's date of birth). On December 29, 2021, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 11-22.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her counsel in support. See Tr. at 5-6 (Appeals Council exhibit list and order), 197 (request for review), 317-21 (brief).

---

[3] The SSI application was actually completed on October 30, 2020, Tr. at 200, but the protective filing date is listed elsewhere in the administrative transcript as October 23, 2020, Tr. at 66, 83.

[4] Some of the cited documents appear to be duplicates.

[5] The hearing was held via videoconference (with the VE appearing by telephone), with Plaintiff's consent, because of extraordinary circumstances presented by the earlier stages of the COVID-19 pandemic. Tr. at 29-30, 128-41, 187-88.

On September 8, 2022, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On October 27, 2022, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises as issues: 1) "[w]hether the ALJ's failure to include all limitations from both severe and non-severe impairments in [the] RFC finding including chronic pain which affected [Plaintiff's] off task time, ability to concentrate and focus, and difficulty with fatigue, was supported by substantial evidence"; and 2) "[w]hether the ALJ's failure to include all reaching limitations in his RFC finding was supported by substantial evidence." Plaintiff's Memorandum (Doc. No. 15; "Pl.'s Mem."), filed March 27, 2023, at 3, 14 (emphasis omitted). On July 24, 2023, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem."). Then, as permitted, Plaintiff on August 23, 2023 filed Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 21; "Reply"). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   **The ALJ's Decision**

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry through step four, where the inquiry ended based upon the ALJ's findings at that step. See Tr. at 13-22. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since June 10, 2020, the alleged onset date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

- 4 -

following severe impairments: bilateral shoulder degenerative joint disease, bilateral knee degenerative joint disease, multiple sclerosis, and lumbar degenerative disc disease." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform less than the full range of sedentary work as defined in 20 CFR [§] 404.1567(a) such that [Plaintiff] is able to lift up to 10 pounds occasionally and stand/walk for about 2 hours and sit for about 6 hours in an 8 hour work day with normal breaks. [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl. [Plaintiff] is limited to only occasional overhead reaching with the bilateral upper extremities and frequent reaching forward and to the side and pushing and pulling with the bilateral upper extremities. [Plaintiff] is limited to only occasional exposure to unprotected moving mechanical parts and no exposure to unprotected heights.

Tr. at 16 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "is capable of performing past relevant work as an Administrative Assistant both as generally performed and as performed by [Plaintiff]." Tr. at 21 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from June 10, 2020, through the date of th[e D]ecision." Tr. at 22 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues two points of alleged error. First, Plaintiff contends the ALJ erred by failing to take into account the severity of her pain and its effect on her daily activities and ability to work. Pl.'s Mem. at 3-14. According to Plaintiff, the ALJ relied only on evidence that supported his RFC findings, to the exclusion of the evidence of "MRI findings, pain signs and testimony," which ultimately led to a conclusion that Plaintiff could perform her past relevant work. Id. at 13; see Reply at 2-3. Second, Plaintiff asserts the ALJ erred in failing to include in the RFC more of a reaching limitation. Pl.'s Mem. at 14-16. In support, Plaintiff cites the VE's testimony that Plaintiff's past relevant work as an administrative assistant required frequent forward and side reaching, but if Plaintiff were limited to occasional forward or side reaching, she could not perform that job. Pl.'s Mem. at 14 (citing Tr. at 48, 50). As justification for the alleged need for only occasional reaching, Plaintiff relies on her testimony about what she can do and the medical records related to a April 2021 slip and fall accident in which Plaintiff sustained shoulder injuries. Id. at 14-15 (citations omitted); see Reply at 1-2. Responding, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain and properly assessed the RFC in accordance with the evidence and the law. Def.'s Mem. at 5-16. Because the issues are related, the Court addresses them together.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations in effect at the time of the ALJ's Decision provided that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other

evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ adequately assessed Plaintiff's subjective complaints of pain and ultimately arrived at the RFC that is supported by substantial

evidence. To begin, the ALJ discussed Plaintiff's testimony about how she is affected by her impairments, including the pain and the trouble with reaching overhead. Tr. at 16-17. The ALJ then detailed the medical evidence, recognizing that Plaintiff has a "long-standing history of multiple sclerosis dating back to at least 2011." [7] Tr. at 17. In discussing the medical evidence, the ALJ noted Plaintiff's complaints of chronic pain. Tr. at 17-19. Ultimately, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 19. Specifically, the ALJ pointed to inconsistencies between Plaintiff's subjective statements and "clinical observations, diagnostic testing, [Plaintiff's] treatment history, and [Plaintiff's] activities of daily living." Tr. at 19; see Tr. at 19-20.

The ALJ properly considered the relevant factors and made findings supported by substantial evidence, notwithstanding Plaintiff's allegations and complaints to providers about her pain levels being very high on a few occasions. See Tr. at 574-77, 577 (consultative physician Michael Rosenberg, M.D., opining

---

[7] The undersigned notes, relatedly, that much of the medical evidence in the administrative transcript significantly pre-dates the alleged disability onset date of June 10, 2020. See Tr. at 327-510, 533-36, 616-19.

on March 17, 2021 that Plaintiff's pain in all alleged areas is mild, mild to moderate, or minimal to mild); Tr. at 585-89, 588 (consultative psychologist Paula Bowman, Psy.D., noting on March 24, 2021 that Plaintiff's back and knee pain interferes with her cleaning but she is able to do laundry and go shopping once weekly, she watches television and reads, and socializes with friends); Tr. at 598-603, 602 (March 31, 2021 progress note diagnosing "[l]ow back pain, acute, uncontrolled" and referring Plaintiff to pain management); Tr. at 626-27 (May 21, 2021 progress note assessing pain in both shoulders and both knees at a reported level of "8 – severe" with timing that "comes and goes" and is "worse at night"); Tr. at 633-34 (June 11, 2021 progress note assessing pain in both shoulders and both knees at a reported level of "9" with timing that "come and goes" and is "worse at night"); Tr. at 637 (June 11, 2021 note documenting an "Aspiration / Injection" of the left shoulder due to "Severe pain that is affecting quality of life not effectively managed with Exercise, oral or topical pain medications"); Tr. at 639-40 (June 24, 2021 progress note assessing pain at a reported level of "3" and noting "shoulder is doing better, patient states its really only bother[ing] her at night"); Tr. at 643-44 (July 9, 2021 progress note assessing pain at a reported level of "9," discussing rib pain after a fall, recommending hyaluronic acid injections on the right knee due to "pain which interferes with ADLs," and monitoring shoulder pain); Tr. at 647-48 (July 21, 2021 progress note discussing similar pain areas and plan, as well as left thigh

pain, but at a reported level of "5"); Tr. at 666-69 (September 28, 2021 progress note noting a problem of low back pain with onset date of March 31, 2021 but otherwise no joint pain).

As the ALJ noted, despite these allegations, Plaintiff's multiple sclerosis was largely controlled, Tr. at 19, Plaintiff's joints were mainly stable, Tr. at 20, and imaging did not support the severity of Plaintiff's allegations overall, Tr. at 20. The ALJ also found Plaintiff's "wide range of activities of daily living" to be inconsistent with her allegations. Tr. at 20. These findings are supported by substantial evidence.

As for Plaintiff's complaints about her upper extremity limitations, the ALJ specifically addressed them and found Plaintiff "regularly used a computer [which] demonstrat[ed] significant retained dexterity and use of her upper extremities." Tr. at 20. The ALJ recognized "imaging showing bilateral rotator cuff tearing," but found that the activities of daily living, combined with clinical observations, "demonstrate[d] significant retained functionality." Tr. at 20. The ALJ's findings and election to include in the RFC "only occasional overhead reaching with the bilateral upper extremities and frequent reaching forward and to the side and pushing and pulling with the bilateral upper extremities," Tr. at 16, are supported by substantial evidence.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 31, 2024.

*/s/ James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record